**CAMBRIDGE MUTUAL INSURANCE COMPANY, Plaintiff Counterclaim Defendant**

v.

**PATRIOT MUTUAL INSURANCE COMPANY, Defendant Counterclaim Plaintiff**

**Patriot Mutual Insurance Company, Third–Party Plaintiff Counterclaim Defendant**

v.

**Clark & Bennett Insurance d/b/a CROSS Insurance–Belfast, Third–Party Defendant Counterclaim Plaintiff**

**Clark & Bennett Insurance d/b/a CROSS Insurance–Belfast, Cross–Claim Plaintiff**

v.

**Cambridge Mutual Insurance Company, Cross–Claim Defendant**

**No. CIV. 03–107–P–C.**

United States District Court, D. Maine.

June 30, 2004.

Louise K. Thomas, Christopher R. Drury, Pierce, Atwood, Portland, ME, for Plaintiff, Counter Defendant and Cross Defendant.

John S. Whitman, Anne H. Cressey, Barri L. Bloom, Richardson, Whitman, Large & Badger, Portland, ME, for Defendant, Third-Party Plaintiff, Counter Claimant and Counter Defendant.

Bernard J. Kubetz, Eaton Peabody, Bangor, ME, for Third-Party Defendant, Counter Claimant and Cross Claimant.

## ORDER GRANTING PATRIOT'S MOTION TO AMEND AND SUPPLEMENT THE THIRD–PARTY COMPLAINT

Gene CARTER, Senior District Judge.

In its Motion for Summary Judgment on its third-party claims, Patriot Mutual Insurance Company ("Patriot") sought judgment on its claims that Clark & Bennett d/b/a Cross Insurance—Belfast ("Cross") breached its agency agreement with and its fiduciary duties to Acadia Insurance Company ("Acadia"). Patriot argued that the language contained in the "Stipulation of Dismissal Without Prejudice," wherein the parties agreed to dismiss Acadia from the lawsuit, provides that Patriot "stands in the shoes" of Acadia as to both obligations and rights, thus giving Patriot the right to sue Cross on Acadia's claims. After reviewing the Stipulation of Dismissal agreement, the Court concluded that it contained no assignment-type provision that would permit Patriot to bring Acadia's claims on its own behalf. Accordingly, the Court denied Patriot's Motion for Summary Judgment on its third-party claims for breach of the agency agreement and breach of fiduciary duty.

After the Court's decision on Patriot's Motion for Summary Judgment was issued, Acadia gave Patriot an Assignment of "any and all of Acadia's rights to assert claims against Clark & Bennett d/b/a Cross Insurance—Belfast, its agents, employees and representatives ("Cross") arising out of the events that are the subject of [this] lawsuit." Exhibit F attached to Motion for Leave to File Amended and Supplemented Third–Party Complaint (Docket Item No. 77). Patriot now moves to amend its Third–Party Complaint against Cross to include two additional counts for Cross's breach of its agency agreement with Acadia and breach of its fiduciary duty to Acadia, both of which are dependant on the fact of the assignment. Patriot's explanation for seeking an amendment at this late point in the case is that it previously believed that the language of the Stipulation of Dismissal served the purpose of permitting Patriot to stand in the shoes of Acadia with respect to both obligations and rights. In addition, Patriot also seeks to supplement some of the factual allegations in its claim for breach of the agency contract by Cross and the general factual statement of the case.

Both Cross and Cambridge Mutual object to the proposed amendment and supplementation. Third–Party Defendant Cross claims that they will be prejudiced if

the amendment to the Third–Party Complaint is permitted and, further, Cross generally claims that additional discovery will be needed if the Court were to grant Patriot's Motion to Amend.[1] Cambridge contends that it has already been prejudiced by the filing of the Motion to Amend and will continue to suffer prejudice since it cannot move to enforce the Court's April 30, 2004, Order until the Court enters final judgment on that Order.

 Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Under Rule 15(a), leave to amend should be "freely given when justice so requires." This and the other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under the liberal standard of Rule 15(a), few reasons will justify denying a motion to amend the pleadings. Those reasons include (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

 The Court notes that amendment of the pleadings after the disposition of summary judgment motions is a distinct imposition on the Court and opposing counsel and that Patriot's reason for the delay (counsel's mistake as to the existence of an assignment) lies on the outer borderline of conduct constituting justifiable excuse and/or cause. The Court finds, however, that there are no compelling reasons for denying Patriot's Motion to Amend and Supplement the Third–Party Complaint. Moreover, the gist of the case rests on the conduct of the third-party Defendant Cross, and therefore the interests of justice are served by the amendment as it will permit adjudication of the issues generated by Cross's conduct. As a result, albeit reluctantly, the Court will grant Patriot's Motion to Amend and Supplement the Third–Party Complaint.

Accordingly, the Court **ORDERS** that Patriot's Motion for Leave to File Amended and Supplemented Third Party Complaint be, and it is hereby, **GRANTED.**

---

1. The Court has serious reservations about the need for the additional discovery; however, it will entertain a motion for additional discovery if one is filed by Cross. The Court notes that it disagrees with Cross's argument that the necessary additional discovery includes the taking of "the depositions of the attorneys who negotiated the dismissal of Acadia in order to ascertain the parties' intentions regarding (1) the language contained in the Stipulation of Dismissal dismissing Acadia from the case, and (2) what rights, if any, the parties intended Acadia to retain following entry of the Stipulation of Dismissal." Third–Party Defendant Cross Insurance's Opposition to Patriot Mutual Insurance Company's Motion for Leave to File Amended and Supplemented Third–Party Complaint (Docket Item No. 82) at 4. The Court finds that the need for any discovery along these lines is mooted by the Assignment given by Acadia to Patriot

dated May 19, 2004, and the granting of Patriot's Motion to Amend.